UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAMBRIDGE FUNDING SOURCE LLC,<br><br>*Petitioner,*<br><br>-against-<br><br>EMCO OILFIELD SERVICS LLC; EMCO ALPHA, LLC; MDT ADVISORY SERVICES, LLC; DFW PAINTING, LLC; and MARK KIRK GALVIS,<br><br>*Respondents.* | 22 Civ.<br><br>**PETITION TO CONFIRM INJUNCTION ISSUED BY ARBITRATOR** |

## **PETITION TO CONFIRM ARBITRATOR'S PRELIMINARY INJUCNTION**

Pursuant to 9 U.S.C. § 9, Petitioner Cambridge Funding Source LLC ("CFS"), by and through their counsel, Wells Law P.C., petition this Court to confirm the Order in an arbitration administered by the National Arbitration Forum ("NAF") in the form of injunctive relief (the "preliminary injunction") issued by Arbitrator Sherry R. Wetsch restraining all funds in any account of Respondents in any bank or financial institution, including in Bank of America, up to the sum of $445,052.00.

### **PARTIES**

1. Petitioner CFS is a New York limited liability company engaged in the receivable financing business.

2. Respondent Emco Oilfield Services LLC ("Emco Oilfield") is a limited liability company formed under the laws of New Mexico.

3. Respondent Emco Alpha, LLC ("Emco Alpha") is a limited liability company formed under the laws of Texas.

1

4. Respondent MDT Advisory Services, LLC ("MDT") is a limited liability company formed under the laws of Texas.

5. Respondent DFW Painting, LLC ("DFW Painting") is a limited liability company formed under the laws of Texas.

6. Respondent Paint America, LLC ("Paint America") is a limited liability company formed under the laws of Texas.

7. Emco Oilfield, Emco Alpha, MDT, DFW Painting, and Paint America are collectively referred to as "Corporate Respondents" in this Petition.

8. Respondent Michael Kirk Galvis ("Galvis") is a resident of Dallas, Texas.

## AGREEMENT BETWEEN PETITIONER AND RESPONDENTS

9. On March 29, 2022, Petitioner and Respondents executed a "Standard Merchant Cash Advance Agreement" ("Agreement") whereby Petitioner purchased 10% of future receipts from Corporate Respondents up to $674,550.00 for a purchase price of $450,000 (minus costs and applicable fees) and Respondent Galvis agreed to a personal guaranty of performance.[1]

10. A true and accurate copy of the Agreement is attached as Exhibit 1.

11. Section 39 of the Agreement states:

> **39. Choice of Law.** Each Merchant acknowledges and agrees that this Agreement was made in the State of New York, that the Purchase Price is being paid by CFS in the State of New York, that the Receivables Purchased Amount is being delivered to CFS in the State of New York, and that the State of New York has a reasonable relationship to the transactions encompassed by this Agreement. This Agreement and the relationship between CFS, each Merchant, and each Guarantor will be governed by and

---

[1] In addition to the listed Respondents in this Petition, Vast Mountain Development Inc., a corporation formed under the laws of Texas, also entered into the Agreement and is a party to the arbitration. However, Petitioner agreed not to pursue injunctive relief against Vast Mountain Development Inc. and, therefore, this petition to confirm the Order issued by the Arbitrator is not filed against it.

construed in accordance with the laws of the State of New York, without regard to any applicable principles of conflict of laws.

Exhibit 1 at 8, Agreement at 8, § 39.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant 28 U.S.C. §§ 1332 as the parties have diversity of citizenship and the amount in controversy exceeds $75,000.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, or a substantial part of property that is the subject of the action is situated is located in this District, and, in addition, because Respondents consented to venue in this District.

## ARBITRATOR ISSUES PRELIMINARY INJUNCTION ORDER

14. Section 48 of the Agreement states *inter alia*: "A PARTY REQUESTING ARBITRATION MAY COMMENCE AN ARBITRATION PROCEEDING WITH THE AMERICAN ARBITRATION ASSOCIATION ('AAA') OR NATIONAL ARBITRATION FORUM ('NAF')." Exhibit 1, Agreement at 9, § 48.

15. Section 35 of the Agreement states:

> **35. Remedies.** In case any Event of Default occurs and is not waived, CFS may proceed to protect and enforce its rights or remedies by suit in equity or by action at law, or both, whether for the specific performance of any covenant, agreement, or other provision contained herein, or to enforce the discharge of each Merchant's obligations hereunder, or any other legal or equitable right or remedy. All rights, powers, and remedies of CFS in connection with this Agreement, including each Protection listed in Section 17, may be exercised at any time by CFS after the occurrence of an Event of Default, are cumulative and not exclusive, and will be in addition to any other rights, powers, or remedies provided by law or equity. ***In addition to the foregoing, in case any Event of Default occurs and is not waived, CFS will be entitled to the issuance of an injunction, restraining order, or other equitable relief in CFS's favor, subject to court or arbitrator approval, restraining each Merchant's accounts and/or receivables up to the amount due to CFS as a result of the Event of Default***, and each Merchant will be deemed to have consented to the granting of an application for the

      same to any court or arbitral tribunal of competent jurisdiction without any prior notice to any Merchant or Guarantor and without CFS being required to furnish a bond or other undertaking in connection with the application.

Exhibit 1, Agreement at 7, § 35 (emphasis added).

16. Section 48 of the Agreement states *inter alia*: " . . . each Merchant and each Guarantor consents to CFS making an application to the arbitrator, without notice to any Merchant or any Guarantor, ***for the issuance of an injunction, restraining order, or other equitable relief in CFS's favor, subject to court or arbitrator approval, restraining each Merchant's accounts*** and/or receivables up to the amount due to CFS as a result of the Event of Default." Exhibit 1, Agreement at 9, § 48 (emphasis added).

17. On October 27, 2022, CFS filed its Demand for Arbitration and Statement of Claim ("Demand") against Respondents with the National Arbitration Forum ("NAF")

18. The rules in NAF's Code of Procedure for Resolving Business-to-Business Disputes (the "Forum Code") govern all business-to-business cases filed with NAF after April 15, 2019, unless the Parties' agreement specifies a different set of rules. Available at https://www.adrforum.com/assets/resources/code/business/Forum.B2B_Rules.v2.3.pdf.

19. Rule 1.9(D) of the Forum Code states *inter alia*: "A Party may seek a temporary restraining order or a preliminary injunction to prevent irreparable injury by requesting an Emergency Hearing . . . ."

20. At the same time CFS filed the Demand, CFS also filed an application for emergency injunctive relief in the form of a preliminary injunction against Respondents supported by the Demand, the Affidavit of Basia Gross with exhibits, and a memorandum of law in support of the preliminary injunction pursuant to Rule 1.9 of the Forum Code.

21. On November 10, 2022, an emergency participatory hearing was held. Petitioner, Respondent Michael Galvis and Respondent Vast Mountain Development appeared through counsel.

22. At the emergency participatory hearing on November 10, 2022, the Arbitrator scheduled a preliminary injunction hearing for November 22, 2022.

23. On November 11, 2022, counsel for Respondents Emco Oilfield and Emco Alpha contacted NAF and thereafter was included in all communications. Emco Oilfield and Emco Alpha are collectively referred to as the "Emco Respondents" in this Petition and the Order issued by the Arbitrator.

24. On November 11, 2022, Sherry R. Wetsch, the appointed Interim Arbitrator, issued an Order setting a schedule for answering and reply papers in connection with CFS's motion for a preliminary injunction. The Order provided that Respondents were to file any answering papers by November 16, 2022, and Petitioner CFS was to file reply papers the same day (subsequently this latter deadline was changed to November 17, 2022). The Order was served by email on counsel for the parties.

25. On November 15, 2022, Respondents MDT, DFW Painting and Paint America, and Galvis filed an Entry of Appearance with NAF. MDT, DFW Painting and Paint America, and Galvis are referred to as the "Galvis Respondents" in this Petition and the Order by the Arbitrator.

26. The Galvis Respondents asserted a general denial and affirmative defenses of release and fraud. The Galvis Respondents did not provide any affidavit testimony, documents, or other supporting proof.

27. On November 17, 2022, in compliance with the scheduling Order, Petitioner CFS filed its reply in further support of its motion for a preliminary injunction.

28. On November 17, 2022 – after the deadline for serving answering papers to Petitioner CFS's motion – the Emco Respondents filed their opposition papers but did not provide any affidavit testimony, documents, or other supporting proof.

29. On November 20, 2022 – also after the deadline for serving answering papers to Petitioner CFS's motion – the Galvis Respondents filed their opposition papers attaching approximately sixty (60) pages of documents.

30. On November 21, 2022, Arbitrator Wetsch held a hearing and heard argument from counsel for Petitioner CFS, the Emco Respondents and the Galvis Respondents.

31. On November 22, 2022, Arbitrator Wetsch issued an Order granting a preliminary injunction against the Emco Respondents and the Galvis Respondents.

32. A true and accurate copy of the Order is attached as Exhibit 2.

33. Arbitrator Wetsch issued the Order after finding "that Petitioner has satisfied its burden with respect to issuance of a preliminary injunction." Exhibit 2.

## THE PRELIMINARY INJUNCTION ORDER SHOULD BE CONFIRMED

34. CFS seeks an order confirming the Preliminary Injunction Order under Section 9 of the FAA, which provides that a court "must" confirm an arbitration award unless it is "vacated, modified, or corrected as prescribed in Sections 10 and 11." 9 U.S.C. § 9.

35. Section 10 lists grounds for vacatur, and Section 11 names those for modifying or correcting an award. 9 U.S.C. §§ 10, 11.

36. Under the statutory requirements of the FAA, an arbitration award may only be vacated if it is the product of: (1) fraud or undue means; (2) evident partiality or corruption in the

arbitrators; (3) arbitrator misconduct; (4) the arbitrators exceeding their powers; or (5) evident material miscalculation or mistake. *See* 9 U.S.C. §§ 10(a)(1)-(4) – 11(a).

37. There are no grounds for vacatur of the Preliminary Injunction Order.

38. Arbitrators have the inherent authority to grant interim relief they deem just and proper to the extent such relief is not specifically prohibited by the parties' contract. *See, e.g.*, *Next Step Med. Co. v. Johnson & Johnson Int'l*, 619 F.3d 67, 70 (1st Cir. 2010) (citing 1 M. DOMKE, DOMKE ON COMMERCIAL ARBITRATION § 35:2 (3d ed. 2003)); *Banco de Seguros del Estado v. Mut. Marine Office, Inc.*, 344 F.3d 255, 262 (2d Cir. 2003) ("Where an arbitration clause is broad, as here, arbitrators have the discretion to order remedies they determine appropriate, so long as they do not exceed the power granted to them by the contract itself. It is not the role of the courts to undermine the comprehensive grant of authority to arbitrators by prohibiting an arbitral security award that ensures a meaningful final award.") (citations omitted).

39. Arbitrators have broad discretion in fashioning remedies and "may grant equitable relief that a Court could not.'" *Compania Chilena de Navegacion Interoceanica v. Norton, Lilly & Co.*, 652 F. Supp. 1512, 1516 (S.D.N.Y.1987) (citing *Sperry International Trade, Inc. v. Government of Israel*, 532 F. Supp. 901, 905 (S.D.N.Y.), *aff'd*, 689 F.2d 301 (2d Cir. 1982)).

40. For example, arbitration panels may require parties to pay amounts in advance of a final hearing. *See, e.g.*, *Sperry Int'l Trade, Inc. v. Gov't of Israel*, 689 F.2d 301, 303 (2d Cir. 1982) (affirming confirmation of arbitrators' pre-hearing award requiring funds to be placed in escrow account in parties' joint names, and prohibiting transfer or withdrawal of funds, or placement of any lien or encumbrance on them, pending decision on the merits in arbitration governed by AAA rules); *Pacific Reins. Mgt. Corp. v. Ohio Reins. Corp.*, 935 F.2d 1019 (9th Cir. 1991) (affirming district court's confirmation of arbitrator's interim award requiring the establishment of an escrow

account); 2 MARTIN DOMKE, DOMKE ON COMMERCIAL ARBITRATION § 35:4 ("A party to an arbitration agreement can seek a provisional remedy . . . if the award to which the party may be entitled will be rendered ineffectual without such provisional relief."); *Ecopetrol S.A. v. Offshore Exploration & Prod. LLC*, 46 F. Supp. 3d 327, 337 (S.D.N.Y. 2014) (enforcing interim awards requiring seller to tender certain amounts to purchaser with funds not derived from amounts in escrow); *On Time Staffing, LLC v. Nat'l Union Fire Ins. Co.*, 784 F. Supp. 2d 450, 455-56 (S.D.N.Y. 2011) (confirming pre-hearing security award issued on "ample record" consisting of witness affidavits and "unrebutted documentary evidence," where party "had ample opportunity to oppose the motion for pre-hearing security, and did, in fact, vigorously oppose it").

41. Orders in arbitrations awards are final and confirmable if they require specific action and do not serve as a preparation or a basis for further decisions by the arbitrators. *See Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007) (finding arbitration awards final and confirmable where they "require[d] specific action and d[id] not serve as a preparation or a basis for further decisions by the arbitrators").

42. The Order issued by Arbitrator Wetsch if final and confirmable under the FAA.

**WHEREFORE**, the Petitioner prays that this Court:

    A.    Set this petition for hearing; and

    B.    Sign an order at such hearing confirming the Order issued on November 22, 2022, by Arbitrator Wetsch granting a preliminary injunction against Respondents -- Emco Oilfield Services LLC, Emco Alpha LLC, MDT Advisory Services LLC, DFW Painting LLC, Paint America LLC, and Michael Kirk Galvis – retraining all funds in any account of Respondents in any bank or financial institution, including in Bank of America, up to the sum of $445,052.00, and

    C.    for such other relief as the court may deem just and proper.

Dated: December 19, 2022                          Respectfully Submitted,

*/s Will Parsons*
WELLS LAW P.C.
Steven W. Wells
Will Parsons
229 Warner Road
Lancaster, New York 14086
(716) 983-4750
Email: steve@wellspc.com
Email: will@wellspc.com

*Attorney for Petitioner*
*Cambridge Funding Source LLC*